IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEE THURSTON, et al.,<br><br>                   Plaintiff,<br><br>v.<br><br>BEAR NAKED, INC.,<br><br>                   Defendant. | Case No. 11 CV 2890-H (BGS)<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER |

      WHEREAS, Plaintiff Chanee Thurston ("Plaintiff") in this action entitled *Chanee Thurston, et al. vs. Bear Naked, Inc.*, Case No. 11-CV-2890-H (BGS) (the "Litigation") and Bear Naked, Inc. ("Defendant" or "Bear Naked") has entered into a Stipulation of Settlement, filed May 2, 2014 (the "Stipulation"), after lengthy arms-length settlement discussions;

      WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

      WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

---
[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE
SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER, CASE NO. 11 CV 2890-H (BGS)
2270367.4

WHEREAS, the Court has reviewed the Parties' application for such Order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I. THE SETTLEMENT CLASS IS CERTIFIED

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

> All California residents who purchased any package of the Products during the Settlement Class Period. Excluded from the Class are: (a) Bear Naked's employees, officers and directors; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; and (f) the Court, the Court's immediate family, and Court staff.

3. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representative is typical of the claims of the Class; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Chanee Thurston as Class Representative of the Class.

5. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Finkelstein Thompson LLP, Braun Law Group, P.C.,

2

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER, CASE NO. 11 CV 2890-H (BGS)

2270367.4

and Law Office of Janet Lindner Spielberg as Co-Class Counsel to represent the Settlement Class members.

## II. THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

6.  The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

7.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.  Pursuant to the Federal Rule of Civil Procedure 23(e), the Court will hold a final approval hearing (the "Settlement Hearing") on _____, 2014, at ____ a.m./p.m., in the Courtroom of the Honorable Marilyn L. Huff, United States District Court for the Southern District of California, Courtroom 15A, 333 West Broadway, San Diego, CA 92101, for the following purposes:

   a.  finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

   b.  determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

   c.  considering the application of Class Counsel for an Expense Award as provided for under the Stipulation;

   d.  considering the application of Plaintiffs for Incentive Awards for serving as Class Representatives, as provided for under the Stipulation;

3

e. considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

f. considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

g. ruling upon such other matters as the Court may deem just and appropriate.

9. The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

10. The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

11. Any objections to the proposed settlement must be postmarked or submitted online no later than 30 days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice. Any replies to objections must be filed with this Court no later than 14 days before the Settlement Hearing.

12. Opening papers in support of the Settlement and any application for an Expense Award and/or Class Representative Incentive Awards must be filed with the Court and served no later than 45 days prior to the Settlement Hearing.

### III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

13. The Court approves, as to form and content (or as may be amended by the Court), the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are attached hereto as Exhibits A and B, respectively, to this Order.

14. The Court finds that the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as set forth in this Order and the Stipulation of Settlement, meet the requirements of Federal Rule of Civil Procedure 23 and requirements of state and

4

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER, CASE NO. 11 CV 2890-H (BGS)
2270367.4

federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.  The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

15. The Court approves the designation of The Garden City Group, Inc., to serve as the Court-appointed Class Action Settlement Administrator for the settlement.  The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16. The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.  The Claim Form shall be made available to Class members through the Settlement Website and on the websites of Class Counsel, at their options, no later than seven (7) days after the Court enters this Preliminary Approval Order, and continuously thereafter through the Claims Deadline.

17. The Class Action Settlement Administrator is ordered to provide Class Notice through the Settlement Website no later than seven (7) days after the Court enters the Preliminary Approval Order and through designated print publications no later than 50 days after the Court enters the Preliminary Approval Order.

18. The costs of creating and maintaining the Settlement Website and all other Class Action Settlement Administrator expenses shall be borne by the Class Action Settlement Administrator.

## IV. PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

20. The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to receive money from the settlement shall complete the Claim Form in accordance with the instructions contained therein, and the Claim Form shall be postmarked or submitted on line to the Class Action Settlement Administrator no later than eight (8) days before the Settlement Hearing. Such deadline may be further extended without notice to the Class by Court Order.

21. The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

22. The Class Action Settlement Administrator shall send a letter to any applicable Settlement Class Member explaining the rejection of any claim no later than fifteen (15) days after the Effective Date and of the opportunity and deadline of no later than 45 days after the Effective Date to appeal. The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members no later than 90 days after the Effective Date.

23. Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class members who do not enter an appearance will be represented by Class Counsel.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

24. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Clerk of the Court postmarked or submitted online no later than eight (8) days before the Settlement Hearing (the "Opt-Out Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

25. Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or submitted online on or before the Opt-Out Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person is a member of the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

26. A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs at or before the Settlement Hearing.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27. Any Class member who desires to object either to the settlement, Expense Award, or Class Representative Incentive Awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class member desires to submit to the Court no later than thirty (30) days prior to the Settlement Hearing (the "Objection Deadline"). The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Bear Naked's counsel. Such papers must be sent to each of the following persons:

| Bear Naked Class Counsel | Bear Naked's Counsel |
|---|---|
| Rosemary M. Rivas<br>FINKELSTEIN THOMPSON LLP<br>505 Montgomery Street, Suite 300<br>San Francisco, CA 94111<br>Telephone: (415) 398-8700<br><br>Michael D. Braun<br>BRAUN LAW GROUP, P.C.<br>10680 W. Pico Boulevard, Suite 280<br>Los Angeles, CA 90064 | Dean N. Panos<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60654-3456<br>Telephone: (312) 222-9350 |

Telephone: (310) 836-6000

Janet Lindner Spielberg
LAW OFFICE OF JANET LINDNER SPIELBERG
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025
Telephone: (310) 392-8801

28. All objections must include the name, address, and telephone number of the Class member submitting the objection, and the submitting Class member's signature. Each person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Settlement Hearing.

29. All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Settlement Hearing. Any replies to objections must be filed with this Court no later than fourteen (14) days before the Settlement Hearing.

30. All objections must include a reference to *Chanee Thurston, et al. v. Bear Naked, Inc.*, Case No. 11-CV-2890-H (BGS), the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number. Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Expense Award, or the application for Class Representative Incentive Awards, is required to provide written notice of their intention to appear at the Settlement Hearing no later than the Objection Deadline as set forth in the Class Notice. Class members who do not oppose the settlement, the application for the Expense Award, or Class Representative Incentive Awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any rights the Person may have to object to the settlement, Expense Award, or Class Representative Incentive Awards, or to appeal or seek other review of the Final Judgment and Order.

31. If the agreement and Stipulation are finally approved, the Court shall enter a Final Judgment and Order of Dismissal approving the Stipulation. The proposed Final Judgment and

8

Order of Dismissal is lodged herewith as Exhibit E. Said Final Judgment and Order of Dismissal shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

32. All discovery, pretrial deadlines and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Stipulation or this Order.

33. The court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Stipulation.

DATED: _____, 2014

                                         THE HONORABLE MARILYN L. HUFF
                                         UNITED STATES DISTRICT COURT JUDGE

Submitted by:

DATED: May 2, 2014                FINKELSTEIN THOMPSON LLP
                                         ROSEMARY M. RIVAS

                                         By:

                                         505 Montgomery Street, Suite 300
                                         San Francisco, CA 94111
                                         Telephone: (415) 398-8700
                                         Facsimile: (415) 398-8704
                                         Email: rrivas@finkelsteinthompson.com

DATED: May 2, 2014                BRAUN LAW GROUP, P.C.
                                         MICHAEL D. BRAUN

                                         By: _____

                                         10680 West Pico Boulevard, Suite 280
                                         Los Angeles, CA 90064
                                         Telephone: (310) 836-6000
                                         Facsimile: (310) 836-6010

| | |
|---|---|
| | Email:    mdb@braunlawgroup.com |
| DATED:  May 2, 2014 | LAW OFFICE OF JANET LINDNER SPIELBERG<br>JANET LINDNER SPIELBERG |
| | By: _____ |
| | 12400 Wilshire Boulevard, Suite 400<br>Los Angeles, CA  90025<br>Telephone:  (310) 392-8801<br>Facsimile:   (310) 278-5938<br>Email:         jspielberg@jlslp.com |
| | ***Co-Class Counsel*** |
| DATED:  May 2, 2014 | JENNER & BLOCK LLP<br>DEAN N. PANOS (admitted *pro hac vice*) |
| | By: _____<br>         DEAN N. PANOS |
| | 353 North Clark Street<br>Chicago, IL  60654-3456<br>Telephone:  (312) 923-2765<br>Facsimile:   (312) 840-7765<br>dpanos@jenner.com |
| | KENNETH K. LEE (264296)<br>633 West 5th Street, Suite 3500<br>Los Angeles, CA  90071-2054<br>Telephone:  (213) 239-5100<br>Facsimile:   (213) 239-5199<br>klee@jenner.com |
| | ***Attorneys for Defendant Bear Naked, Inc.*** |

10