Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California  90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938
Email: jlspielberg@jlslp.com

Rosemary M. Rivas (SBN 209147)
**FINKELSTEIN THOMPSON LLP**
505 Montgomery Street, Suite 300
San Francisco, California 94111
Tel: (415) 398-8700
Fax: (415) 398-8704
Email:  rrivas@finkelsteinthompson.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel:  (310) 836-6000
Fax:  (310) 836-6010
Email: service@braunlawgroup.com

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEE THURSTON, LAWRENCE G. KNOWLES, III, and MILAN BABIC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>BEAR NAKED, INC.,<br><br>    Defendant. | **CASE NO.:  11-cv-02890-H (BGS)**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S COUNSEL'S REQUEST FOR REIMBURSEMENT OF EXPENSES, AND PLAINTIFF INCENTIVE AWARD**<br><br>Hon. Marilyn L. Huff<br><br>Date:   September 2, 2014<br>Time:   10:30 a.m.<br>Court: 15A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Order entered on September 2, 2014 at 10:30 a.m., or as soon thereafter as counsel may be heard before the Honorable Marilyn L. Huff, United States District Court Judge for the Southern District of California, 333 West Broadway, Courtroom 15A, San Diego, CA 92101, Plaintiff Chanee Thurston will and hereby does move this Court for entry of an Order: (1) awarding attorneys' reasonable, actual, out-of-pocket expenses; and (2) awarding an incentive award to Chanee Thurston, a named Plaintiff and Class Representative in this action. (Dkt. No. 110).

As discussed in the accompanying memorandum, this motion is made on the grounds that the requested awards are fair, reasonable, and justified under applicable law.  This Motion is based on the accompanying Memorandum, the Declaration of Michael D. Braun In Support of Plaintiffs' Motion for Reimbursement of Expenses and Plaintiffs Incentive Award ("Braun Decl."), the executed Settlement Agreement (Dkt. No. 167), and any other papers filed in support of preliminary and final approval of the Settlement, any oral argument that is held regarding this motion, the complete record in this litigation and any other such other matters as the Court may consider.

Plaintiff Chanee Thurston ("Plaintiff"), on behalf of herself and the Settlement Class, respectfully submits this Memorandum in support of her Motion for Reimbursement of Expenses and Plaintiff Incentive Award.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Although Plaintiff's Counsel has incurred over $363,847 in fees prosecuting this action for more than two and half years, they are not seeking a fee award in this case.[1] Rather, Plaintiff's Counsel seek only an award of $150,000, representing a partial reimbursement of expenses that have been reasonably incurred in the prosecution of this matter. Plaintiff also seeks a modest incentive award of $2,000 to compensate her for the time and effort in undertaking to prosecute this case and represent the Class. While Defendant has agreed to an incentive award of up to $2,000, they have expressly reserved their right "to respond as appropriate to Class Counsel's petition for an Expense Award." §VIII.A-C.[2]

The underlying action is a consumer class action lawsuit brought on behalf of people who purchased Bear Naked food products. Plaintiff claims the products were deceptively labeled, marketed and distributed as being "100% Natural" or "100% Pure and Natural" despite the fact they contained a host of synthetic ingredients. Doc. No. 36.[3]

This litigation has been ongoing for more than two and a half years during which time it was heavily litigated. In addition to successfully opposing Defendant's motion to dismiss (Doc. No. 40), Plaintiff certified a class (Doc. No. 110), defeated a

---

[1] All capitalized terms have the same meaning as those ascribed to them in the Stipulation of Settlement. Doc. No. 167.

[2] All § references are to the Stipulation of Settlement (Doc. No. 167) unless otherwise noted.

[3] A more complete recitation of the facts is incorporated by reference.

petition to appeal the Court's class certification order to the Ninth Circuit, (Doc. No. 129.), withstood Defendant's subsequent motion to decertify the class. (Doc. No. 203 in related case 11-CV-1967.), and after the assistance of a professional mediator, managed to reach a settlement. (Doc. No. 167).[4]

The Settlement achieved the two primary goals of Plaintiff in this litigation – cessation of the offending practice and financial remuneration. Under the terms of the Settlement, Bear Naked ("BN" or "Defendant") has agreed to modify its current labeling and advertising to remove "100% Natural" and "100% Pure and Natural" representations from certain Products. § IV.B.  Additionally, BN has agreed to provide monetary relief to Settlement Class Members residing in California by paying $325,000.00 to a settlement fund to satisfy cash payments to Settlement Class Members who submit valid claims for Products purchased between September 21, 2007 and May 1, 2014. §IV.A.2.  The $325,000.00 amount was arrived at after weeks of hard fought negotiation and is based on a percentage of the net profit information received from BN. From this fund, Settlement Class Members are able to recover $0.50 per Product for every Product purchased during the Settlement Class Period, for which they can present written proof of purchase in the form of a receipt or a retail rewards submission, and $0.50 per product, with a maximum recovery of $10 per household, for every Product purchased during the Settlement Class Period for which no such proof of purchase is submitted. §IV.A.1.  Further, BN has retained a Class Action Settlement Administrator to provide notice and claims administration, and such costs have not and will not be deducted from the fund. § IV.A.2.c.

On May 27, 2014, this Court considered and granted Plaintiff's motion for preliminary approval of class action settlement and ordered any motions for out-of-

---

[4] A more complete recitation of the facts can be found in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. No. 166) which is incorporated herein by reference.

1  pocket expenses and incentive awards be filed on or before July 28, 2014. Doc. No.
2  168.

3        Plaintiff's Counsel expended a substantial amount of time and money on a
4  contingent basis to prosecute this case and achieve this result. *See* Declaration of
5  Michael D. Braun in Support of Plaintiff's Motions for : (1) Final Approval; (2)
6  Reimbursement of Expenses, and (3) Plaintiff's Incentive Award ("Braun Decl.");
7  Declaration of Rosemary M. Rivas in Support of Plaintiff's Motions for: (1) Final
8  Approval, and (2) Reimbursement of Expenses ("Rivas Decl."); Declaration of Janet
9  Spielberg in Support of Plaintiff's Motions for : (1) Final Approval; (2)
10 Reimbursement of Expenses, and (3) Plaintiff's Incentive Award ("Spielberg Decl.");
11 Declaration of Wyatt A. Lison in Support of Plaintiff's Motions for: (1) Final
12 Approval and (2) Reimbursement of Expenses ("Lison" Decl.").  As of July 23, 2014,
13 Plaintiff's Counsel have devoted more than 717 professional hours, representing a
14 collective lodestar of $363,847.00.  Braun Decl. at ¶21.  In addition, Plaintiff's
15 Counsel incurred $189,765.37 in unreimbursed reasonable expenses. *Id*. at ¶22.
16 Moreover, neither the work, nor the accumulation of expenses related to this case has
17 ended. Plaintiff's Counsel will continue to incur expenses and spend additional
18 attorney hours in connection with the ongoing administration of the settlement,
19 drafting final approval papers, and preparing and attending the final approval hearing.
20 Braun Decl. ¶20.

21       Although Plaintiff's Counsel is not making a fee application in this case, the
22 amount of time, effort and professional hours dedicated to the successful prosecution
23 of this case cannot be understated.  Plaintiff's Counsel has incurred 717 professional
24 hours prosecuting this case and as a result lost an estimated $363,847.00 in lodestar.
25 Now, Plaintiff's Counsel seek a modest $150,000 representing only 79% of the total
26 costs incurred in this litigation.

27
28

Plaintiff's Counsel respectfully submit that the requested expenses are reasonable under the circumstances of this case and typical of those awarded in similar cases and should be awarded.

## II. ARGUMENT

### A. Plaintiff's Counsel's Request for Reimbursement of Expenses are Reasonable

Plaintiff's Counsel also request a partial reimbursement for the reasonable and necessary expenses advanced to prosecute this litigation since its inception. As detailed in the accompanying Declarations, Plaintiff's Counsel has incurred $189,765.37 in unreimbursed expenses. Braun Decl. at ¶22. In light of the settlement, Plaintiff's Counsel seeks to recover only $150,000 – 21% less than the total expenses incurred.

It is axiomatic that Counsel are entitled to reimbursement of their reasonable out-of-pocket expenses. *See* Fed. R. Civ. P. 23(h); *see e.g. Walsh v. Kindred Healthcare*, 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. Dec. 16, 2013). The appropriate analysis to apply in deciding which expenses are compensable in a case of this type is whether the particular costs are the type typically billed by attorneys to paying clients in the marketplace. *Harris* v. *Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (allowing recovery of "out-of-pocket expenses that would normally be charged to a fee paying client"); see also *Linney* v. *Cellular Alaska P'ship, No. 96-3008,* 1997 WL 450064, at *7 (N.D. Cal. July 18, 1997) ("It appears to the Court that the costs requested are reasonable in light of the complexity of the litigation and the number of counsel involved, and [the costs of litigation] are therefore approved by the Court."). The categories of expenses for which class counsel seek reimbursement are the type of expenses routinely charged to hourly clients and, therefore, the full requested amount should be reimbursed. *In re Media Vision*, 913 F. Supp. at 1367-72 (costs related to retention of experts, photocopy costs, travel expenses, postage, telephone costs,

computerized legal research fees, and filing fees may be reimbursed). Here, Co-Lead Counsel seek reimbursement of the following costs:

1. Costs of giving Class members notice of the lawsuit;
2. Marketing and damages expert fees;
3. Deposition transcript costs;
4. Travel/lodging/meal expenses;
5. Telephone & facsimile costs;
6. Photocopying costs; and
7. Court filing and pacer costs;

*See* Braun Decl. ¶18; Rivas Decl. ¶10; Spielberg Decl. ¶ 10; Lison Decl. ¶ 9.

### B. Plaintiff's Requested Incentive Award is Reasonable and Should be Approved

The Ninth Circuit has recognized that, "named plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases"). Such awards are "intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action." *Id.* Small incentive awards, such as those requested here, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. Here, the Settlement contemplates a modest incentive award of $2,000 for the Plaintiff who serves as Class Representative. §VIII.2.

Plaintiff has expended time and effort in prosecuting this litigation consisting of: (a) retaining counsel; (b) providing them information necessary to draft the complaints including the Products she purchased, the location and frequency of such purchases and the reasons for selection of the products; (c) reviewing and commenting on the draft complaints; (d) monitoring the litigation which included regular calls with her counsel as well as the review of documents and pleadings which were sent her; (e)

appearing for her deposition; (f) discussing the settlement terms and ultimately agreeing to and approving such terms; (g) understanding and agreeing to each of the responsibilities of a named plaintiff and putative class representative. Braun Decl. ¶31 and Exs. E and F.

Courts routinely grant incentive awards in similar cases and in similar amounts to that requested here. *See, e.g.*, *In re Mego Fin. Corp. Securities Litig.,* 213 F.3d 454,463 (9th Cir. 2000) (approving $5,000 incentive awards each to two class representatives); *Hopson v. Hanesbrands*, 2009 WL 928133, at * 10 (N.D. Cal. Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable"); *Chu v. Wells Fargo Investments, LLC*, 2011 U.S. Dist. LEXIS 15821* 5 (N.D. Cal. Feb. 16, 2011) (awarding $10,000 to two plaintiff representatives involved in case for five years and $4,000 to three representative plaintiffs participating in case for two years, from a $6.9 million settlement fund); *Odrick v. UnionBanCal Corp.,* No. C 10-5565 SBA*,* 2012 U.S. Dist. LEXIS 171413, at *11, 18 (N.D. Cal. Dec. 3, 2012) (awarding $5,000 to class representative where "the settlement was reached at the early stages of litigation"); *Fitzgerald v. City of Los Angeles,* No. CV 03-01876 NM, 2003 U.S. Dist. LEXIS 27382, at *9 (C.D. Cal. Dec. 8, 2003) (awarding $3,500 each to class representatives in early settlement case).

Given the efforts undertaken by Plaintiff, and the reasonableness of the amount sought, the Court should grant approval of the requested incentive award.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court approve Plaintiff's Counsel's request for reimbursement of expenses and the incentive award.

Dated: July 28, 2014    **BRAUN LAW GROUP, P.C.**

   s/Michael D. Braun
   Michael D. Braun

|   |   |
|---|---|
| 1 | 10680 West Pico Boulevard, Suite 280 |
| 2 | Los Angeles, CA 90064 |
|   | Telephone:  (310) 836-6000 |
| 3 | Facsimile:  (310) 836-6010 |
| 4 |   |
|   | Janet Lindner Spielberg |
| 5 | **LAW OFFICE OF JANET** |
|   | **   LINDNER SPIELBERG** |
| 6 | 12400 Wilshire Boulevard, Suite 400 |
| 7 | Los Angeles, CA 90025 |
|   | Telephone: (310) 392-8801 |
| 8 | Facsimile: (310) 278-5938 |
| 9 |   |
|   | Rosemary M. Rivas (SBN 209147) |
| 10 | **FINKELSTEIN THOMPSON LLP** |
| 11 | 505 Montgomery Street, Suite 300 |
|   | San Francisco, California 94111 |
| 12 | Tel: (415) 398-8700 |
| 13 | Fax: (415) 398-8704 |
| 14 | *Co-Lead Counsel* |
| 15 |   |
|   | Wyatt A. Lison |
| 16 | **FEINSTEIN DOYLE PAYNE** |
| 17 | **   & KRAVEC, LLC** |
|   | Allegheny Building, 17th Floor |
| 18 | 429 Forbes Avenue |
| 19 | Pittsburgh, PA  15219 |
|   | Telephone:  (412) 281-8400 |
| 20 | Facsimile:  (412) 281-1007 |
| 21 |   |
|   | *Attorney for Plaintiff* |
| 22 |   |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10680 W. Pico Boulevard, Suite 280, Los Angeles, California 90012.

On July 28, 2014, I served the document(s) described as:

1. NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFFS' COUNSEL'S REQUEST FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFFS INCENTIVE AWARD

2. DECLARATION OF MICHAEL D. BRAUN IN SUPPORT OF PLAINTIFFS' COUNSEL'S REQUEST FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFFS INCENTIVE AWARD

**[x] BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2014, at Los Angeles, California.

   s/Michael D. Braun
    Michael D. Braun