Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Rosemary M. Rivas (SBN 209147)
Danielle A. Stoumbos (SBN 264784)
**FINKELSTEIN THOMPSON LLP**
505 Montgomery Street, Suite 300
San Francisco, California 94111
Tel: (415) 398-8700
Fax: (415) 398-8704
Email: rrivas@finkelsteinthompson.com
dstoumbos@finkelsteinthompson.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHANEE THURSTON, LAWRENCE G. KNOWLES, III, and MILAN BABIC**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>**BEAR NAKED, INC.**,<br><br>Defendant. | **CASE NO.: 11-cv-02890-H (BGS)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MICHAEL D. BRAUN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; MOTION FOR REIMBURSEMENT OF EXPENSES AND PLAINTIFF INCENTIVE AWARD** |

I, Michael D. Braun declare as follows:

1. I am a principal with the Braun Law Group, P.C., co-counsel for Plaintiffs and the Class in the above captioned action. I am a member of the California Bar and am admitted to practice in this District.

2. This declaration is submitted in support of Plaintiff's Motions for Final Approval and Reimbursement of Expenses and Plaintiff Incentive Award.

## EXPERIENCE

3. I was admitted to the California Bar in 1993, the District of Columbia Bar in 1996, the New York Bar in 1999 and the Bar of England in Whales in 2006. I am member in good standing of each.

4. I received a Bachelor of Arts degree from the University of California Los Angeles; a Juris Doctor from Loyola Law School and a Master of Laws from the London School of Economics.

5. I have been employed as a lawyer since graduating and have been in practice for more than 20 years. My entire legal career has been spent as a Plaintiff's attorney prosecuting complex and class action litigation. I began as an associate with Stull Stull & Brody ("SSB"), a boutique class action firm specializing in the prosecution of securities class actions. I spent approximately 10 years with SSB, the last four of which I was the managing attorney of the Los Angeles office which had four attorneys, two secretaries, a paralegal and assorted clerical staff. In 2004, I left SSB to start the Braun Law Group, where I have been since. My practice remains exclusively the prosecution of class actions.

6. Over my career, I have served as lead or liaison counsel in well over a hundred cases. I have been named a Super Lawyer by my peers and Los Angeles Magazine every year since 2005. I was also fortunate enough to be named a named Lawyer of the Year ("Clay Award") in 2000 by California Lawyer Magazine for my work on *Small v. Fritz Co.*, 30 Cal. 4th 167 (April 7, 2003).

7. A copy of my firm resume was submitted in conjunction with Plaintiffs' Motion for Class Certification. Doc. No. 73.

## HISTORY OF THE LITIGATION

8. On September 21, 2012, Plaintiffs Chanee Thurston and Lawrence Knowles filed a filed a Complaint for Damages, Equitable, Declaratory and Injunctive Relief alleging that certain food products sold by Bear Naked were misbranded "100% Pure & Natural" even though they contain one or more of the following synthetic ingredients: Potassium Carbonate, Glycerin, and Lecithin. Doc. No. 1.

9. Prior to the filing of the complaint my colleagues and I conducted extensive research into the various state and federal food regulations that could possibly govern this matter. Substantively, the effort focused on applicability of regulations and determining the whether certain products were synthetic. Procedurally the research focused on issues of preemption.

10. Over the course of the litigation Plaintiff successfully opposed Defendant's motion to dismiss, (Doc. No. 50), certified a class (Doc. No. 110), defeated a petition to appeal the Court's class certification order to the Ninth Circuit, (Doc. No. 129.), withstood Defendant's subsequent motion to decertify the class. (Doc. No. 203 in related case 11-CV-1967.), and with the assistance of a professional mediator, managed to reach a settlement. (Doc. No. 167).

11. In addition to the law and motion work, both parties propounded and responded to discovery. Three plaintiff depositions were taken along with multiple third party vendor depositions.

12. Prior to reaching a settlement, Counsel was preparing for summary judgment and trial.

13. Settlement negotiations were initiated before Honorable Howard B. Weiner (Ret.) and continued over the next several weeks where upon a settlement was reached. The $325,000.00 settlement amount was heavily negotiated and was based on a percentage of the net profit information received from BN. The agreement and its terms were reached through arm's length negotiations and are fair, reasonable and adequate and should be finally approved.

14. Plaintiffs' Counsel have spent considerable outlays of time and money by, among other things, (1) investigating the action; (2) conducting extensive law and motion work; (3) propounding and responding to discovery; (4) retaining and tasking experts; (5) negotiating a

1   settlement; (6) drafting the preliminary approval motion and related settlement documents; and (7)
2   supervising the settlement administration.

### REASONABLENESS OF EXPENSES

4   15.     I specialize in the prosecution of class litigation and have extensive experience in
5   consumer class action lawsuits that are similar in size, scope and complexity to the present case.

6   16.     I, and my colleagues, took this case entirely on a contingent basis and in so doing
7   assumed a significant risk of non-payment both in terms of expenditure of time and out of pocket
8   expenses.

9   17.     To date, my firm has expended 105 professional hours prosecuting this action. The
10  total lodestar to date for my firm is $71,043.75. My firm is not seeking fees in this matter.

11  18.     In conjunction with our litigation efforts, my firm has incurred $30,900.22 in
12  reasonable, unreimbursed, out-of-pocket costs broken down below. The majority of expenses were
13  incurred by a series of marketing and survey experts who were retained to assist counsel in
14  certifying a class, withstanding summary judgment and winning at trial.

| Description | Amount |
| --- | --- |
| Travel (Air fare, ground travel, meals, lodging) | $ 1,292.47 |
| Attorney / Process Service | $ 1,254.28 |
| Postage/Express Delivery | $ 11.22 |
| Internal Copies/Prints | $ 197.80 |
| Experts/Consultants | $ 27,267.13 |
| Court Reporters/Transcripts | $ 877.32 |
| **Total** | **$ 30,900.22** |

23  19.     The schedule was prepared from records prepared and maintained by my firm.
24  20.     I anticipate that Plaintiffs' Counsel will continue to incur additional attorney hours in
25  connection with the following: final approval of the Settlement, responding to inquiries from
26  Class Members, interacting with the Settlement Administrator, and generally overseeing
27  implementation of the Settlement.

4
Case No. 11-cv-02890-H (BGS)                                        BRAUN DECL. ISO FINAL APPROVAL

1    21.     Collectively, class counsel has spent 717 hours prosecuting this litigation for a total lodestar of $363,847.00.

2    22.     In addition, collectively class counsel has expended $136,756.37 in reasonable and properly reimbursable expenses. Additionally, Plaintiff's Counsel has incurred approximately $53,000.00 in costs associated with dissemination of class notice bringing the total amount of unreimbursed expenses to $189,756.37. These expenses reflect costs that were necessary expenditures associated with prosecuting this matter and would be costs that are typically billed to hourly clients.

PROPOSED INCENTIVE AWARD

23.     Ms. Thurston has expended time and effort in prosecuting this litigation consisting of: (a) retaining counsel; (b) providing them information necessary to draft the complaints including the Products she purchased, the location and frequency of such purchases and the reasons for selection of the products; (c) reviewing and commenting on the draft complaints; (d) monitoring the litigation which included regular calls with Counsel as well as the review of documents and pleadings which were sent her; (f) providing discovery responses and attending her deposition; (f) discussing the settlement terms and ultimately agreeing to and approving such terms; (f) understanding and agreeing to each of the responsibilities of a named plaintiff and class representative.

24.     Ms. Thurston has submitted a declaration attesting to the time spent in service of prosecuting this action.

25.     Based on the foregoing I respectfully request that the Court approve of Plaintiff's Motions for Final Approval of Settlement and Reimbursement of Expenses, and Plaintiff Incentive Award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1 | Executed on this 25th day of July 2014, Los Angeles, California.

_____
MICHAEL D. BRAUN