**FINKELSTEIN THOMPSON LLP**
ROSEMARY M. RIVAS (SBN 209147)
505 MONTGOMERY STREET, SUITE 300
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 398-8700
FACSIMILE: (415) 398-8704
EMAIL: RRIVAS@FINKELSTEINTHOMPSON.COM

CO-LEAD CLASS COUNSEL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEE THURSTON, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEAR NAKED, INC.,<br><br>Defendant. | CASE NO.: 11-cv-2890-H (BGS)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL, AND (2) MOTION FOR REIMBURSEMENT OF EXPENSES**<br><br>Judge: Hon. Marilyn L. Huff<br>Date:  September 2, 2014<br>Time:  10:30 a.m.<br>Ctrm:  15A |

I, Rosemary M. Rivas, declare as follows:

1. I am an attorney licensed to practice by the State of California, and a partner with the law firm of Finkelstein Thompson LLP. The Court appointed my firm as Co-Lead Class Counsel in the above-captioned action.

2. This declaration is in support of Plaintiff's motion for final approval and motion reimbursement of expenses.

---
11-CV2890-H (BGS)          DECLARATION OF ROSEMARY M. RIVAS

3. I have personal knowledge of the matters set forth herein, based on my active participation in the prosecution and settlement of the case, and, if called as a witness, could and would competently testify thereto.

## THE SETTLEMENT NEGOTIATIONS

4. On October 23, 2013, I participated in a mediation between the parties, along with co-counsel Joseph Kravec and Janet Spielberg, conducted by the Honorable Howard B. Weiner (Ret.), to try to resolve the case with Bear Naked. A settlement was not reached. Subsequently, I continued the settlement negotiations with defense counsel, Dean Panos. These negotiations were made in consultation with Co-Lead Class Counsel and were protracted, extensive and hard-fought settlement negotiations.

5. Before engaging in the negotiations, we had conducted a significant amount of discovery, including depositions of the parties' experts, and so we understood the risks of proceeding through to trial. We also were very familiar with the authority involving "all natural" litigation. We also prepared detailed expert reports on marketing and damages.

6. As a result of our strong understanding of the law and facts, and after extensive negotiations, the Parties reached the proposed Settlement. The Settlement Agreement was fully executed on May 2, 2014. Dkt. No. 167. I believe the Settlement is fair, reasonable and adequate and should be finally approved.

## FINKELSTEIN THOMPSON LLP'S LODESTAR AND EXPENSES

7. All of Finkelstein Thompson's work on this matter has been purely contingent in nature.

8. Finkelstein Thompson has maintained detailed and contemporaneous records of the time spent by its lawyers, law clerks, and paralegals on this action. I

2

have carefully reviewed the time records and I believe them to be accurate. My firm has spent 208 hours in this litigation for a total lodestar of $76,638.00.

9. Finkelstein Thompson LLP, however, is not seeking an award of attorneys' fees, but only reimbursement of its costs and out-of-pocket expenses.

10. As of July 22, 2014, my firm expended a total of $30,072.33 in unreimbursed and out-of-pocket costs and expenses in connection with the prosecution of this litigation since its inception. The expenses break down as follows:

| EXPENSE CATEGORY | AMOUNT |
| --- | --- |
| Expert Fees | $19,668.01 |
| Telephone & Facsimile | $37.36 |
| Court Reporters & Transcripts | $4,883.51 |
| Court Filing Fees | $391.50 |
| Postage/Express Delivery/Messenger/Service of Process | $1,532.50 |
| Internal Reproduction | $2,562.00 |
| Travel (Air transportation, ground travel, meals and lodging) | $917.12 |
| Pacer Research | $80.33 |
| **TOTAL** | $30,072.33 |

11. The actual expenses incurred in the prosecution of this case are reflected on the computerized accounting records of my law office. Those accounting records are prepared by accounting staff from receipts and check

3

11-CV-2890-H (BGS)          DECLARATION OF ROSEMARY M. RIVAS

1 records and accurately reflect all actual expenses incurred.

2   12.   Upon request, we will provide the Court with copies of documentation for each of the costs itemized above.

   13.   I consider the Settlement Agreement to be fair, adequate and reasonable, and believe it to be in the best interest of the Class as a whole in light of the discovery taken in the case, the strengths and weaknesses of the claims, and the continued risks of litigation.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Executed this 27th day of July 2014, at San Francisco, California.

                                    */s/ Rosemary M. Rivas*