Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel:  (310) 836-6000
Fax:  (310) 836-6010
E-mail:  service@braunlawgroup.com

**FINKELSTEIN THOMPSON LLP**
Rosemary M. Rivas (SBN 209147)
505 Montgomery Street, Suite 300
San Francisco, CA 94111
Phone: (415) 398-8700
Fax: (412) 398-8704
Email:  rrivas@finkelsteinthompson.com

Janet Lindner Spielberg (221926)
LAW OFFICES OF JANET
  LINDNER SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:  (310)392-8801
Fax:  (310)278-5938
E-mail:  jlspielberg@jlslp.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHANEE THURSTON**, *et al.*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **BEAR NAKED, INC.,** <br><br> Defendant. | CASE NO. **11 CV 2890-H (BGS)** <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF JANET SPIELBERG IN SUPPORT OF PLAINTIFFS' COUNSEL'S REQUEST FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND PLAINTFF INCENTIVE AWARDS** <br><br> Hon. Marilyn L. Huff <br><br> Date:   September 2, 2014 <br> Time:   10:30 a.m. <br> Location: Courtroom 15A. |

I, Janet Lindner Spielberg, declare as follows:

1. I am a principal with the Law Office of Janet Lindner Spielberg. Together with my co-counsel, I have served as counsel for Plaintiff Chanee Thurston and the Class throughout this case from its inception to conclusion. I am a member of the California Bar in good standing and am admitted to practice in this District.

2. This Declaration is submitted in support Plaintiffs' Counsel's Motion for Award of Attorneys' Fees; Reimbursement of Expenses; and Plaintiff Incentive Awards.

3. This Declaration is based upon my personal knowledge of: (i) the services rendered by my firm during the litigation; (ii) my pertinent prior experience; and (iii) the hourly rates I typically charge my clients.

4. The law is my third career. My first profession was in the field of psychology. I had a private practice as a Clinical Psychologist and, as an adjunct to my work as a clinician, I taught psychotherapy to doctoral level students in Clinical Psychology. I was also the President of Psychologists for Social Responsibility – an organization of psychologists focused upon understanding the impact of major social/political issues on our daily lives – such as living with the impending threat of nuclear war - as well as how to cope with the impact of such issues in a psychologically healthy manner. At a later date, I started my own business, Elder Psychological Services, which provided psychological services to elderly people and the chronic mentally ill at an assortment of residential facilities in New York, New Jersey, and Connecticut. I oversaw every aspect of the business plus provided clinical supervision to the 20 or so psychotherapists who worked with Elder Psychological Services.

5. I moved to California and attended Loyola law School, graduating in 2002. Shortly after graduating, I opened my practice where I have specialized in the prosecution of class action litigation over the last twelve years.

6. Since beginning my legal career, I have practiced in the area of consumer protection, and have obtained favorable outcomes for thousands of consumers. My

1

Case No. 11 CV 2890-H (BGS)     [Spielberg Decl ISO Award of Atty Fees; Reimbursement of Expenses and Plaintiff Incentive Awards]

1. commitment to reaching successful outcomes for my clients was recognized by Judge Peter D. Lichtman, who was at that time a Los Angeles Superior Court Judge well-known for his skills as a mediator in complex cases, who stated "my compliment to plaintiff's counsel who were virtually unwavering in their approach toward the case in wanting to see a successful resolution." *Outten v. Career Education Corporation, et al.,* Case No. BC 318199 (Cal.Sup.Ct, January 10, 2008). This case involved a group of private for-profit "colleges" who falsely marketed job prospects to get students to enroll in their schools, using aggressive marketing techniques and frequently targeting minority students from families in which no one had ever gone to college.

7. I am currently serving as Co-Lead Class Counsel in *Spears, et al. v. First American Eappraiseit, Ca*se No. 5-08-cv-00868 (RMW) (N.D.Cal.) Dkt. No. 260 (August 1, 2012). *Spears i*nvolves allegations on behalf of a nationwide class of Washington Mutual Bank borrowers whose appraisals were subject to an illegal conspiracy between the lender and eAppraiseIT in violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(a). Dkt. No. 249 (Order Granting Motion for Class Certification).

8. In addition to my work investigating and litigating this case, I was the primary contact for Plaintiff Chanee Thurston. Plaintiff Thurston has expended time and effort in prosecuting this litigation consisting of: (a) retaining counsel; (b) providing them information necessary to draft the complaints including the Products she purchased, the location and frequency of such purchases and the reasons for selection of the products; (c) reviewing and commenting on the draft complaints; (d) monitoring the litigation which included regular calls with her counsel as well as the review of documents and pleadings which were sent to her; (e) appearing at her deposition; (f) discussing the settlement terms and ultimately agreeing to and approving such terms; (g) understanding and agreeing to each of the responsibilities of a named plaintiff and putative class representative. Ms. Thurston, a firm believer in the importance of truthful advertising, could not have done a better job as to each of her duties.

9. My current hourly rate is $650.00. The total number of hours expended on

2

1. this litigation by my firm from its inception through July 24, 2014, is 129.14 hours. The total lodestar to date for my firm is $83,941.00.  The schedule attached hereto as Exhibit 1 is a summary of time spent by the partners, attorneys and other professional support staff of my firm in the prosecution of this litigation. The lodestar calculation is based on my firm's current billing rates from inception of the case through July 24, 2014.  The schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm. The hourly rates are the same as the usual and customary hourly rates charged for services in other actions.

10. I have also incurred costs totaling $34,796.34.  Approximately $29,000.00 of my firm's costs went for paying experts.  The expenses break down as follows:

| **Category** | **Amount** |
|---|---|
| Experts & Consultants | 29278.01 |
| Computer & Other Research Fee(s) (Lexis/Westlaw/Bloomberg) | 1900.00 |
| Courier & Overnight Delivery Services | |
| Court Filing/Service Fee(s) | |
| Mediation Fees | |
| Travel Expenses (including hotels, meals & transportation) | 770.07 |
| Court Reporters/Transcripts | 2766.23 |
| Miscellaneous | 82.03 |
| **TOTAL** | **34,796.34** |

11. I respectfully request that the Court approve Plaintiff's Counsels' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Incentive

3

Case No. 11 CV 2890-H (BGS)    [Spielberg Decl ISO Award of Atty Fees; Reimbursement of Expenses and Plaintiff Incentive Awards]

1  Award.

2  I declare under penalty of perjury under the laws of the United States that the
3  foregoing is true and correct.

4  Executed this 26th day of July, 2014, in Los Angeles, California.

6   s/Janet Lindner Spielberg
7  JANET LINDNER SPIELBERG